(101 South. 62)

Ex parte STONE, County Treasurer.

STONE, County Treasurer, v. STATE ex rel. BERNEY, Judge.

(1 Div. 336.)

(Supreme Court of Alabama. June 30, 1924.)

Constitutional law ⬅26—Prohibition against requiring counties to pay charges held to apply to charges accrued when Constitution adopted.

Const. 1901, § 218, providing that "the Legislature shall not have power to require counties or other municipal corporations to pay any charges which are now payable out of the state treasury," refers only to charges accrued against the state treasury when the Constitution was adopted.

Petition of George E. Stone, as Treasurer of Mobile County, for certiorari to the Court of Appeals, to review and revise the judgment and decision of said court in the case of Stone, Treasurer, v. State ex rel. Berney, Judge, 101 South. 58. Writ denied, and judgment affirmed.

Saffold Berney filed his petition in the circuit court, seeking by mandamus to compel payment by George E. Stone, as treasurer of the county, of a warrant drawn by Berney in his own favor for a portion of his compensation as one of the circuit judges of the county, by virtue of the act approved August 16, 1923 (Gen. Acts 1923, pp. 125, 126). Respondent answered, asserting the invalidity of the act. The trial court rendered judgment awarding the writ, and from that judgment respondent appealed to the Court of Appeals. The Court of Appeals rendered judgment affirming the judgment of the circuit court, and this petition followed.

George E. Stone, of Mobile, pro se.

The act is in violation of section 218 of the Constitution and is void. Webster's New Int. Dict. "Charge;" Bouvier's Law Dict. (Rawle's 3d Ed.) 458, 462; 11 C. J. 291; Const. 1875, §§ 8, 9, art. 11. Legislative construction can have no effect against the plain mandate of the Constitution. Willett v. Weaver, 205 Ala. 268, 87 South. 601; Board of Rev. v. Huey, 195 Ala. 83, 70 South. 744.

Stevens, McCorvey, McLeod & Goode, of Mobile, for appellee.

Section 150 of the Constitution takes the compensation of Judges without the operation of other sections of the Constitution prohibiting the increase in compensation of officers generally. Const. 1901, § 150; Willett v. Weaver, 205 Ala. 268, 87 South. 601; White v. State ex rel. Denson, 123 Ala. 577, 26 South. 343; State v. Sanders, 187 Ala. 79, 65 South. 378, L. R. A. 1915A, 295; Commonwealth, etc., v. Mathues, 210 Pa. 372, 59 Atl. 961. All reasonable doubts and intendments must be resolved in favor of the validity of the act, and of the legislative authority to pass and put into immediate effect the law so passed. Macon Co. v. Abercrombie, 184 Ala. 283, 63 South. 985; Lovejoy v. City of Montgomery, 180 Ala. 473, 61 South. 597; Brandon v. Askew, 172 Ala. 160, 54 South. 605; Board of Revenue, etc., v. State ex rel. 172 Ala. 138, 54 South. 757; State ex rel. v. Board of Revenue, 180 Ala. 489, 61 South. 368. The Constitution has not impaired or restricted the power of the Legislature to classify, in good faith, and not arbitrarily, subjects of and for legislation. Board of Revenue v. Huey, 195 Ala.

83, 70 South. 744; State ex rel. v. Thompson, 193 Ala. 561, 69 South. 461; State ex rel. v. Joseph, 175 Ala. 579, 57 South. 942, Ann. Cas. 1914D, 248; State ex rel. v. Thompson, 142 Ala. 98, 38 South. 679. When there is a doubt about the proper construction to be placed upon a statute or constitutional provision, the contemporaneous construction, placed upon the same by courts and by the officers whose duty it was to construe them, and the popular interpretation. as exemplified in practice for a number of years, should be looked to in reaching a conclusion as to the proper construction. State v. Board, 183 Ala. 554, 63 South. 76; Shepherd v. Sartain, 185 Ala. 439, 64 South. 57; State ex rel. v. Henderson, 199 Ala. 244, 74 South. 344, L. R. A. 1917F, 770.

BOULDIN, J. This court approves the views expressed by the Court of Appeals in holding the act in question not subject to any of the constitutional objections raised by the record.

We do not, however, approve the construction given section 218 of the Constitution of 1901, as indicated by the line of reasoning pursued in the opinion,

This section is brought forward from section 9, art. 11, Constitution of 1875, and reads:

"The Legislature shall not have the power to require counties or other municipal corporations to pay any charges which are now payable out of the state treasury."

We hold this section refers to charges which had accrued against the state treasury when the Constitution was adopted. The intention was to prevent the shifting of existing debts and obligations of the State onto counties and municipalities, and is no limitation upon the power of the Legislature to declare what charges should thereafter be incurred by counties.

The writ of certiorari is denied, and judgment affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.